No. 11,048.

44 1069
48 859

THE CANAL & CLAIBORNE RAILROAD COMPANY VS. THE ST. CHARLES STREET RAILROAD COMPANY.

The St. Charles Street Railroad Company and the Canal & Claiborne Streets Railroad Company, two corporations organized under the general laws of the State, each holding assignable street railway franchises, entered into a contract (each acting for itself, its successors and assigns) by which the first agreed to pay to the second, as a consideration for authorizing it to run its cars over its track, four cents per mile for each and every mile traveled by each and every car run over its track, said agreement to last during the term of the charters granted

Railroad Co. vs. Railroad Co.

to the said respective corporations, or of any extension of said charter, provided that in case the first company shall cease to use the privileges granted to it in the contract, then and in that case the agreement shall be ended.

Held:

1.  That where the first company is in undisturbed possession of the right, exercising and enjoying it every day, it can not release itself from its contract obligations on the claim that the agreement was *ultra vires* of the powers of its officers.

    If there be any legal objections to the contract they must be set up under other conditions, and in a different manner.

2.  Where, under such a contract, the Canal & Claiborne Streets Railroad Company conveys all its rights, property and franchises, specially including therein its rights under the agreement mentioned, to the Canal & Claiborne Company, which assumes all the obligations of the former under the agreement, there is nothing in the assignment of which the first company can complain.

3.  The Canal & Claiborne Railroad Company having been organized by the stockholders of the Canal & Claiborne Streets Railroad Company, and for the express purpose of acquiring all the rights, property and franchises of the old company, and assuming all its obligations, and the old company having postponed its dissolution until after such transfer and assumpsit should have been made the new company, for the purpose of the contract declared on in this case, was merely the old company reorganized under a new name.

4.  The city of New Orleans has at all times recognized the right of the Canal & Claiborne Streets Railroad Company to remuneration for the use of its tracks by other companies, and the right of the companies *inter se* to fix the value of that right, and the dealings between the City and the St. Charles Street Railroad Company have all been subordinated to that right, and by way of affirmance, not destruction thereof.

APPEAL from the Civil District Court for the Parish of Orleans. *Voorhies, J.*

*J. R. Beckwith* tor Plaintiff and Appellee:

1.  Under the Constitution of 1879, private property can not be taken or damaged for any public use until full compensation is made. Constitution 1879, Article 156; Griffin vs. R. R. Co., 41 An. 808; Cooley, Const. Lim. 680, 681 (note); Chicago vs. Taylor; 125 U. S. 161, 170; Railroad Co. vs. Ayers, 106 Ill. 518.

2.  When any individual or corporation is to be divested of property for any public use, against the will of the party to be divested, a strict compliance with the law providing for expropriation, and the conditions precedent to taking the property, must be strictly complied with, or title and rights are not divested, and the party claiming to have divested any one of property and right must affirmatively show full compliance. Cooley on Const. Lim., 528; Gillen vs. R. R. Co., 113 Ill. 1; Stanford vs. Warn, 27 Cal. 171; Nicholls vs. Bridgeport, 23 Conn. 189; Judson vs. Bridgeport, 25 Conn. 428; People vs. Brighton, 20 Mich. 57; Canal & Claiborne R. R. Co. vs. The Orleans R. R. Co., 44 An. 54.

3.  The grant of street railway franchise under which the plaintiff, the Canal & Claiborne Railroad Company, is now operating its road on Canal street, contains no condition or limitation of the grant, by which the city of New Orleans

can grant other railway companies lawful right to run their cars on that company's track on Canal street, without the consent of the Canal and Claiborne Railway Company first given and obtained.

*Harry H. Hall* for Defendant and Appellant:

1. A contract made by its express provisions to endure during the term of the charters of the contracting parties ends with the expiration of one of said charters.
2. Where one company uses the line of another company, made a trunk line by municipal order and its contract with the city, and this use is ordered by the city, and where, under a contract to pay wheelage, the company thus authorized used said trunk line, upon the termination of its contract it does not become a trespasser, but may continue the use of said trunk line upon paying the compensation provided by the franchises of the original occupant. 41 An. 563.

The opinion of the court was delivered by

NICHOLLS, C. J.  Plaintiff's petition is to the effect that on and before the 26th of July, 1870, the Canal & Claiborne Street Railroad Company, a Louisiana corporation, was the owner of a street railway on Canal street in the city of New Orleans, with full right to have, maintain and operate the same, granted to and confirmed to said company by the city of New Orleans.

That the defendant at that time was in possession of a grant or right to maintain and operate a street railway on other streets, particularly on St. Charles, Carondelet, Dryades, Rampart and other streets, and claims to have and possess such right down to the present time under divers grants from the city of New Orleans and has continuously operated the same.

That on the 26th of July, 1870, the defendant, desiring to connect its several lines of railway or the service on its various lines on different streets, made application to the Canal & Claiborne Streets Railroad Company for permission to use or employ a portion of the railway track of that company on Canal street for that purpose, so that defendant's track connected with said tracks on Canal street by proper connections would enable defendant to run its cars from its lines on the various streets over its system of tracks above Canal street, passing up one line and down another of its lines, a matter of great convenience and economy to the defendant.

That to accomplish that object the defendant entered into a nego-tiation with the owner of said tracks on Canal street, resulting in the execution of a notarial act of agreement between the said railroad companies.

That in said contract the defendant, for itself, it successors and assigns, entered into an obligation with the Canal & Claiborne Street Railroad Company and its successors and assigns to pay 4 cents per mile for each and every mile traveled by each and every car run by the defendant on said track on Canal street from Ram-part to St. Charles street.

That it was stipulated and agreed that the contract should con-tinue and be in force and effect during the term of the charter granted to said respective companies, and for and during any exten-sion thereof and while the defendant continued to run its cars on said track on Canal street.

That, as soon as said contract was entered into, defendant com-menced running its cars on said track and made payment up to the month of June, 1887, but from that date has refused to pay any sum whatever for the use of said track, and although still running its cars over the same has refused to pay therefor, and has in all respects made default on said contract.

That there is due to the plaintiff, under the contract, the sum of $60 for each and every one of the months that elapsed from the end of June, 1887, up to the end of April, 1890, soon after which time the present suit was instituted.

That on the 8th of May, 1887, the grant of franchise to construct and operate its street railway, before that time vested in the Canal & Claiborne Streets Railway Company, expired by limitation, but the said company still owned the tracks, roadway and structure of said railway, the city of New Orleans never having acquired the same by purchase or payment of the appraised value thereof; but on the 13th December, 1887, the city of New Orleans for a valuable consideration again granted the said company further right to have and operate its said street railways for the additional term of twenty-five years, said term commencing to run from the date of the expiration of the former grant (8th May, 1887), so that the two grants make continu-ous right without interval.

That after said grant had vested in and become the property of the said corporation it sold and transferred to the plaintiff corporation,

the Canal & Claiborne Railroad Company, all of its right, title and interest in and to said franchise railway and all of its property and assets whatsoever, and all demands under and by virtue of said contract with the defendant, and thereby the plaintiff became entitled to enforce the same.

That the defendant has no right to run its cars over the track of plaintiff, except under and by the terms of said contract, and by reason thereof and that in the premises it has become indebted to plaintiff in the sum of $2040 up to the end of April, 1890, for which sum with interest from judicial demand it prayed judgment, reserving its right of action for all sums of money that may become due under said contract after the end of April, 1890.

The defendant's answer admits the contract of 26th July, 1870, but avers that said contract, in so far as it purported to impose for an indefinite time upon it the obligation of paying the excessive charges as therein set out, was beyond the power of defendant's officers and *ultra vires*.

It admits that if it be liable as set out in plaintiff's petition, the amount stated of $2040 is a correct statement of the same, but it denies that defendant is so liable.

It avers that prior to the 26th July, 1870, Louis Surgi, city surveyor, under instructions of the Council of New Orleans, prepared a plan for a trunk railroad for the line of street cars on Canal street; that the line of plaintiff (for the use of which it sues the defendant herein) was a part of said trunk railroad, as designated by said plan; that in the contracts for right of way made between the city of New Orleans and plaintiff it was expressly stipulated that said line of plaintiff's road should be used for trunk lines of the various street railroads running on Canal street upon payment by the railroad companies so using plaintiff's line of a just and reasonable compensation therefor.

That under its police power the city had the unqualified right to compel defendant to use said trunk lines and did so compel it; that therefore the stipulation in said contract for four cents per mile for each car, in so far as it exceeds defendant's proportionate part of the construction and operation of said road, was without consideration.

That on April 11, 1881, by virtue of Ordinance 6971 (A. S.), the
68

city of New Orleans granted defendant a new franchise and right to pass over said line on Canal street.

That in 1886 the charter of the Canal & Claiborne Streets Railroad Company expired, thereby putting an end to said contract.

That on July 22, 1887, defendant notified plaintiff that it would no longer pay 4 cents per mile provided in said contract but expressed its readiness to pay a fair proportion of the cost of construction and operation of said line, in maintaining the same, and that it is liable for no more.

It prayed that plaintiff's demand be rejected and that defendant be condemned to pay only such just and proportionate part of the cost of construction and maintenance of said road as might be determined by the court.

The court had occasion recently, in the matter of the Canal & Claiborne Railroad Company (the plaintiff herein) vs. the Orleans Railroad Company, reported in 44 An. 55, to examine and pass upon a contract between those parties which, save in a few unimportant particulars, is identical with that declared upon in this suit.

Under such circumstances it would be naturally expected that the construction placed upon that contract would be adopted for the present one, but the defendant most strenuously urges that in the former case the distinction between the charter of a corporation and the franchises acquired by it after organization was not sufficiently sharply drawn nor the point sufficiently pressed, that when the Canal & Claiborne Street Railroad Company went, as it did, into liquidation on July 2, 1887, the contract between the parties of July 26, 1870, terminated under its express terms.

The positions taken by the present defendant were taken in the first case and evidently considered by the court, but as original propositions submitted to us we hold them to be not tenable.

When the contracting parties to the contract of July 26, 1870, met, they met to deal with an assignable transmissible right—each of the parties was expressly contracting for itself, its successors and assigns—neither corporation owed its origin to a *charter granted to it*, but both were created by notarial act under the authority of a general law for the formation of corporations.

The defendant was anxious to acquire the right to run its cars over the track owned and operated by the Canal & Claiborne Streets

Railroad Company. That company was willing to grant the right and to bind itself, its successors and its assigns that it should be held to the defendant so long as it should think proper to avail itself of the same.

The minds of both united, not only on that point but also as to the value of the right so conveyed and acquired. The contracting parties, as they had the legal right to do, as between themselves, settled the consideration to be paid.

The defendant entered at once upon the enjoyment of the right which it has ever since possessed and exercised undisturbed.

The plaintiff company, which is the present owner of the track on Canal street, is not only bound by law to acknowledge and maintain the right of the defendant but its action in bringing this suit, would estop it from contesting it.

The city of New Orleans, in whom, according to defendant, is vested control over the whole matter under its inherent police powers and under a reservation in its contract with the Canal & Claiborne Streets Railroad Company, has not only not manifested a disposition to interfere with the rights of these parties *inter se*, but everything it has done since has been by way of affirmance, not destruction.

The city has at all times recognized the right of the railroad company to remuneration for the use of its road; it stands perfectly indifferent as to what the amount of the same might be, and has never assumed the right or put forward a claim to determine that matter, where the companies have between themselves agreed upon what a fair value was.

We see no ground upon which defendant can be relieved from carrying out the contract which it has made.

In the actual undisturbed possession of the right conveyed by the contract—exercising it every day—it is difficult to see how the defendant can plead that the contract was *ultra vires;* besides this the contract was not for an indefinite time—its duration was expressly provided for. If there be any legal objection to the contract it must be set up under other conditions and in other manner than it has been here.

The views we have expressed cover the whole grounds, we think, of the controversy in this case; but as the defendant places special reliance upon the fact already alluded to, that the Canal & Claiborne Streets Railroad Company went into liquidation and was dissolved on

the 2d day of July, 1888, and claims that that fact terminated the contract of 26th July, 1870, we think it right to make a special reference to that contention and to say that in our opinion, for the purposes of this contract, the Canal & Claiborne Railroad Co. is nothing more than the Canal & Claiborne Streets Railroad Co., re-organized under a new name. The former company has acquired all the property, rights and franchises of the latter and has assumed all its obligations.

The avowed purpose of the old company in going into liquidation was to turn over all its assets and rights, and also all its obligations to the new one, and its dissolution was intentionally postponed to a period subsequent to the accomplishment of that object—the avowed purpose of the creation of the new company was to acquire those rights and that property and to assume these obligations.

The members of the Canal & Claiborne Railroad Company were the stockholders of the Canal & Claiborne Streets Railroad Company. There is no claim or pretension that the defendant has suffered or will suffer financially or otherwise by the change, and it would be subordinating substance to technicality were we to hold that defendant has been released from its contract obligations by reason of it. We say this upon the assumption that the continued existence of the old company entered as a factor in determining the rights of the parties in this case. See Day et al. vs. Worcester & N. R. R. Co., 23 N. E. Rep. 824; 21 N. E. Rep. 364; 25 N. E. Rep. 975.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the lower court be and the same is hereby affirmed.

Judgment affirmed.